**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| SAMMY BRIAN MORRIS, <br><br>  Plaintiff, <br><br> v. <br><br> CHATHAM COUNTY C.N.T. DIVISION; BLOOMINGDALE POLICE DEPARTMENT; OFFICER JOHN DOE 1; CHATHAM COUNTY POLICE DEPARTMENT; and OFFICERS JOHN DOES 2-4, <br><br>  Defendants. | CIVIL ACTION NO.: 4:18-cv-272 |

**O R D E R**

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's January 7, 2019 Report and Recommendation, (doc. 7), to which Plaintiff filed Objections, (doc. 13). For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation as the opinion of the Court. Consequently, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint against Chatham County Narcotics Team. The Court also **DISMISSES WITHOUT PREJUDICE** any attempted complaint against Bloomingdale Police Department and Chatham County Police Department.

In his objections, Morris protests that his claims against the Bloomingdale Police Department and the Chatham County Counter Narcotics Team ("C.N.T.") should be approved for service because the individual officers who injured him were operating in their "official and individual capacit[ies]." (*Id.* at 2.) As an initial matter, the complaint does not set forth any

claims against the Bloomingdale Police Department. Even if it had, Police Departments, and by extension their subdivisions, are not entities subject to suit under § 1983. *Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments are not considered legal entities subject to suit), *cited by Bunyon v. Burke Cnty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003). To the extent Morris believes that the department is responsible as the officers' employer, claims against local governments, government officials, or supervisors brought pursuant to § 1983 cannot be based upon theories of *respondeat superior* or vicarious liability. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). That is, a governmental entity cannot be held liable just because it employs a tortfeasor. The CNT, Chatham County Police Department, and Bloomingdale Police Department are not viable defendants. Thus, any claims against either Chatham County Police Department, the C.N.T., or the Bloomingdale Police Department are **DISMISSED**. This case will proceed against the four unnamed police officers.[1]

A few other orders of business, Plaintiff has requested that he be appointed counsel. (Doc. 10.) In this civil case, however, plaintiff has no constitutional right to the appointment of counsel. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (*citing Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint

---

[1] Plaintiff appears to request that certain discovery be made to ascertain the names of the officers involved in this suit. Doc. 13 at 3. However, the Court notes that waivers on behalf of CNT Agent Woodruff, doc. 16, CNT Agent J. Hood, doc. 18, and CNT Agent Krouse, doc. 20, have been filed with this Court. The Court will **DEFER** ruling on such a request until such time as a response has been made by the Bloomingdale Police Department.

2

counsel only in exceptional circumstances." *Wright*, 562 F. App'x at 777 (*citing Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (*citing Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The "key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (*quoting Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel.

Though plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." *See, e.g., Hampton v. Peeples*, 2015 WL 4112435 at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." *Id*. (*citing Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015); *Wright*, 562 F. App'x at 777; *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 702 (11th Cir. 2013); *McDaniels*, 405 F. App'x at 457; *Sims v. Nguyen*, 403 F. App'x 410, 414 (11th Cir. 2010); *Fowler*, 899 F.2d at 1091, 1096; *Wahl*, 773 F.2d at 1174). This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. Indeed, Morris has already demonstrated an exceptional ability to

succinctly set forth the events as they transpired and describe the roles of the defendants involved. His request for appointment of counsel (doc. 10) is **DENIED**.

Finally, plaintiff has filed a Motion to Amend the Complaint. (Doc. 14.) That document purports to "add[] statement of facts and relief section." (*Id*.) Insofar as this document purports to add to rather than superseded plaintiff's initial complaint, (doc. 1), plaintiff's motion is **GRANTED**. However, plaintiff is warned that a further amendment will supersede all previous versions of his complaint and therefore must be complete in itself.

**SO ORDERED**, this 1st day of March, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA