# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SAMMY BRIAN MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV418-272 |
| | ) | |
| CHATHAM COUNTY C.N.T. DIVISION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case involves an arrestee's allegations of excessive force. *See* doc. 7 at 8. On March 29, 2019, defendants John Doe 1-4 answered plaintiff's complaint. *See* doc. 29. No motions were filed, however, until June 17, 2019. *See* doc. 31. Because the undersigned's former law partner and firm appeared in this case (by filing the most recent motion) and to avoid any appearance of impropriety, I recuse.

Two federal statutes govern judicial disqualification due to conflict of interests. The first, 28 U.S.C. § 144, only applies when "a party . . . makes and files a timely and sufficient affidavit . . . ." Since no such affidavit has been filed, it does not apply here. The second, 28 U.S.C. § 455, "places a judge under a self-enforcing obligation to recuse himself

where the proper legal grounds exist." *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987), *superseded by statute on other grounds as recognized by J.W. by and through Tammy Williams v. Birmingham Bd. of Ed.*, 904 F.3d 1248, 1254 (11th Cir. 2018). Courts have generally recognized that prior partnership in the law firm representing a party is not an absolute bar on a judge's hearing a case. *See Draper v. Reynolds*, 369 F.3d 1270, 1281 (11th Cir. 2004) (prior partnership in law firm not grounds for recusal)*; Apex Oil Co. v. Apex Oil*, 981 F.2d 302, 304 (8th Cir. 1992) (judge's prior partnership in law firm that represented party involved in case was not required to recuse); *Ford v. Bank of Am.*, 2000 WL 1028238, * 2 (10th Cir. July 26, 2000) (unpublished) (disqualification not required because of judge's prior employment with law firm representing defendants). Nevertheless, judges typically observe a two-year recusal period from cases involving their prior law firms. *Draper*, 369 F.3d at 1281 (*citing Guide to Judiciary Policies and Procedures*, Vol. II, Ch. V, Compendium § 3.3-1(b) (2003). Nevertheless, it is vital that litigants and the public see that the judicial process is fair and impartial. Accordingly, I will exercise my discretionary power to recuse in this case.

The Clerk is, therefore, **DIRECTED** to reassign this case to Magistrate Judge James E. Graham for all further proceedings.

**SO ORDERED**, this 9th day of July, 2019.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia