# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

SAMMY BRIAN MORRIS,  )
                                                )
    Plaintiff,                        )
v.                                               )          CV418-272
                                                )
CHATHAM COUNTY C.N.T. DIVISION,  )
Narcotics Division,          )
                                                )
    Defendant.                    )

## **ORDER**

Plaintiff Sammy Brian Morris—currently incarcerated—filed this case alleging he was subjected to excessive force when he was arrested. *See* doc. 7 (screening the Complaint, pursuant to 28 U.S.C. § 1915A and approving the excessive-force claim for service). Because plaintiff is incarcerated, Defendant Adam Willis has requested an Order permitting Morris' deposition. *See* doc. 31; *see also* Fed. R. Civ. P. 30(a)(2)(B). Morris has both responded in opposition to that motion and filed his own motion for a protective order. *See* doc. 33 (Motion for Protective Order); doc. 34 (opposition to defendant's motion). The time for defendant to respond to plaintiff's motion for a protective order has not run, but since plaintiff's

motion and his opposition to the deposition are without merit, any response is moot.

Courts are not generally required to approve parties' depositions. *See* Fed. R. Civ. P. 30(a)(1). One exception to that general rule is when the proposed deponent is confined in prison. Fed. R. Civ. P. 30(a)(2)(B). Despite requiring the Court's blessing, the rule requires that leave to depose an incarcerated person be granted "to the extent consistent with Rule 26(b)(1) and (2)," Fed. R. Civ. P. 30(a)(2); that is, when the information sought is nonprivileged, relevant, proportional, and not unduly burdensome. Those general limits on the scope of discovery are relevant here because Morris asserts that the deposition will, inevitably, require him to provide information that would violate his Fifth Amendment privilege against self-incrimination. *See* doc. 33 at 1 (expressing Morris' intent, on advice of his criminal defense counsel, to "assert the privilege against self-incrimination under the Fifth Amendment in response to all substantive questions."); doc. 34 at 1 (same).

Both plaintiff's motion and his opposition to defendant's request for leave omit any citation to authority. *See generally* docs. 33 & 34. Had

plaintiff's counsel consulted the relevant authorities, he would likely have found the following, in a prominent treatise on federal civil procedure:

> If a deposition is sought, the availability of the privilege [against self-incrimination] *is not a ground for vacating the notice of the deposition. The proper procedure is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions he or she can answer without running a risk of incrimination.* In this way a record can be made and the court can determine whether particular questions asked did entitle the deponent to claim the privilege.

8 Charles Alan Wright, Arthur R. Miller, *et al.* Fed. Prac. & Proc. Civ. § 2018 (3d ed. 2019) (emphasis added). Judicial opinion is similarly skeptical of such generalized assertions of privilege. *See Sec. & Exch. Comm'n v. First Fin. Grp. of Tx., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) ("[A] blanket assertion of the privilege [against self-incrimination] is insufficient to relieve a party of the duty to respond to questions put to him," indeed, "'even if the danger of self-incrimination is great, (the party's) remedy is not to voice a blanket refusal . . . to testify . . . [,i]nstead, he must present himself . . . for questioning, and as to each question . . . elect to raise or not to raise the defense.'" (quoting *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969)).[1]

---

[1] Although the Fifth Circuit's opinion, which was entered on October 21, 1981, is not binding precedent, it remains persuasive authority. *See Bonner v. City of Prichard,*

3

Given the unequivocal recognition that a litigant's Fifth Amendment privilege is not a general shield against civil discovery, and the fact that plaintiff's own Complaint indicates the likelihood that he has relevant information, the Court **GRANTS** Willis' motion. Doc. 31. Chatham County Detention Center shall make plaintiff, Sammy Brian Morris, available for deposition in the manner in which other depositions are generally held. For the reasons explained above, Morris' motion for a protective order is **DENIED**.

Finally, since plaintiff's incarceration does not significantly affect his discovery obligations, a scheduling conference is not warranted at this time. Plaintiff's request for such a conference is **DENIED**. Doc. 33. Since counsel has now appeared on plaintiff's behalf, however, this action no longer appears exempt from general civil discovery procedures. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). Counsel are, therefore, **DIRECTED** to confer,

---

661 F.2d 1206, 1207 (11th Cir. 1981) (adopting, as binding precedent in the Eleventh Circuit, all decisions of the Fifth Circuit handed down prior to September 30, 1981). Consistent with the treatise's summary, however, the Eleventh Circuit takes a similarly dim view of "blanket" assertions of privilege. *See United States v. Twenty-Nine Pre-Columbian & Colonial Artifacts from Peru*, 695 F. App'x 461, 467 (11th Cir. 2017) (citing *Roundtree*, 420 F.2d at 852) (discussing a district court's order "[f]ollowing well-established law" that "Fifth Amendment concerns, even if legitimate," do not preclude testimony in a civil deposition).

pursuant to Fed. R. Civ. P. 26(f) and Judge Baker's standing Orders[2], within 21 days, and file the required report. That report may include the parties' position or respective positions on the need for a further court-facilitated scheduling conference.

**SO ORDERED,** this 9th day of July, 2019.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Clerk is **DIRECTED** to serve Judge Baker's standing civil instructions and orders on all counsel who have appeared in this case.